UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
LEONARD DAVIS, ARNOLD JOSEPH, and GREGORY
MARTIN, individually and on behalf of all others similarly
situated,

                                 Plaintiffs,

                          -against-

AFFORDABLE SELF STORAGE NY INC., AFFORDABLE
SELF STORAGE USA INC., and DAVID DAMAGHI,

                                Defendants.
-------------------------------------------------------------------------X

CIVIL ACTION NO.

COMPLAINT

Plaintiffs Leonard Davis, Arnold Joseph, and Gregory Martin (collectively, "Plaintiffs"), individually and on behalf of all others similarly situated, by their attorneys, Katz Melinger PLLC, complaining of the defendants, Affordable Self Storage NY Inc., Affordable Self Storage USA Inc., and David Damaghi (collectively "Defendants") respectfully allege as follows:

## I. Nature of Action, Jurisdiction, and Venue

1. This is an action seeking equitable and legal relief for Defendants' violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*. ("FLSA") and New York Labor Laws ("NYLL") §§ 190 *et seq.* and 650 *et seq.* and 12 NYCRR 142-2.14.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, in that this is an action arising under the FLSA.

3. This Court has supplemental jurisdiction over the claims arising under the NYLL pursuant to 28 U.S.C. § 1367, in that the New York state law claims are so closely related to Plaintiffs' FLSA claims as to form the same case or controversy under Article III of the United States Constitution.

4. Venue is proper in this judicial district under 28 U.S.C. § 1391, as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and Defendants conduct business through its employees, including Plaintiffs, within this judicial district.

## II. Parties

5. Plaintiffs Leonard Davis ("Davis"), Gregory Martin ("Martin"), and Arnold Joseph ("Joseph") are individuals residing in the state of New York.

6. At all relevant times, Plaintiffs were covered employees within the meaning of the FLSA and the NYLL.

7. Defendant Affordable Self Storage NY Inc. ("Affordable Self Storage NY") is a domestic business corporation with a principal place of business located at 1680 Atlantic Avenue, Brooklyn, New York 11213.

8. Defendant Affordable Self Storage USA Inc. ("Affordable Self Storage USA") is a domestic business corporation with a principal place of business located at 2553 Atlantic Avenue Brooklyn, New York 11207.

9. At all relevant times, Affordable Self Storage NY has been a business or enterprise engaged in interstate commerce employing more than two (2) employees and earning gross annual sales over $500,000.00.

10. At all relevant times, Affordable Self Storage USA has been a business or enterprise engaged in interstate commerce employing more than two (2) employees and earning gross annual sales over $500,000.00.

11. Affordable Self Storage NY and Affordable Self Storage USA are a covered employers within the meaning of the FLSA and NYLL and, at all relevant times, employed Plaintiffs.

12. Defendant David Damaghi ("Damaghi") is an owner, operator, and person in control of Affordable Self Storage NY and Affordable Self Storage USA, who exercised significant control over the companies' operations and had the authority to hire, fire, and discipline employees, set employees' work schedules and conditions of employment, determine the rate and method of payment for employees, and maintain employment records.

13. At all relevant times, Damaghi exercised sufficient control over Plaintiffs' day-to-day operations to be considered their employer under the FLSA and NYLL.

14. The acts of Affordable Self Storage NY and Affordable Self Storage USA charged in this Complaint were authorized, directed, or accomplished by Damaghi individually or jointly, by himself or his agents, officers, employees, or representatives, while actively engaged in the management of Affordable Self Storage NY and Affordable Self Storage USA's business.

15. Defendants operate in interstate commerce and, upon information and belief, their revenues are in excess of the minimum required to fall within the jurisdiction of the FLSA.

16. Defendants are subject to suit under the statutes alleged above.

### III. FLSA Collective Action Allegations

17. The causes of action in this Complaint which arise out of the FLSA are brought by Plaintiffs on behalf of themselves and similarly situated persons who were employed since the date three years prior to the filing of this Complaint and who elect to opt-in to this action (the "FLSA Collective Plaintiffs").

18. The FLSA Collective Plaintiffs consist of no less than ten similarly situated current and former employees who have been victims of Defendants' common policies and practices

that have violated their rights under the FLSA by, *inter alia*, willfully denying them minimum and overtime wages and other pay.

19. As part of their regular business practice, Defendants have intentionally, willfully, and repeatedly harmed Plaintiffs and the FLSA Collective Plaintiffs by engaging in a pattern, practice, and/or policy of violating the FLSA. This policy and pattern or practice includes, *inter alia*, failing to pay employees the applicable minimum hourly rate and overtime rate for all time worked in excess of forty hours per week.

20. Defendants have engaged in its unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation.

21. Defendants' unlawful conduct has been intentional, willful, and in bad faith and has caused significant damages to Plaintiffs and the FLSA Collective Plaintiffs.

22. The FLSA Collective Plaintiffs would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants, are readily identifiable, and locatable through Defendants' records. These similarly situated employees should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).

## IV. Factual Allegations

23. Affordable Self Storage NY and Affordable Self Storage USA are self-storage companies that provide storage units and supplies to its customers in New York.

24. Davis was employed with Defendants as a maintenance worker from on or around November 2014 until on or around March 2016.

25. As a maintenance worker, Davis' responsibilities consisted of painting, repairing, cleaning, providing customer service, and any other tasks as requested by Davis' supervisors.

26. Throughout his employment with Defendants, Davis regularly worked five (5) days per week: Tuesdays Wednesdays, and Fridays through Sundays, from 7:00 a.m. to 7:00 p.m., for approximately sixty (60) hours per week.

27. Davis was frequently required to work through all or part of his one-hour lunch break.

28. Martin was employed with Defendants as an assistant manager from on or around December 2012 until on or around March 2016.

29. As assistant manager, Martin's responsibilities included cleaning bathrooms and floors, maintaining inventory for and participating in auctions, providing customer service, creating customer accounts, making collection calls, counting money at the start and end of the work day, making bank deposits, and supervising floor employees.

30. Martin did not have the authority to fire, hire, discipline, or set the work schedule of other employees.

31. Throughout his employment, Martin regularly worked five (5) days per week: Wednesdays through Sundays, from 8:00 a.m. to 7:00 p.m., for approximately fifty (50) hours per week.

32. Martin was frequently required to work through all or part of his one-hour lunch break.

33. Joseph was employed with Defendants as an assistant manager from on or around October 2007 until on or around April 2016.

34. Joseph's responsibilities consisted of cleaning bathrooms and floors, providing customer service, and supervising floor employees.

35. Joseph did not have the authority to fire, hire, discipline, or set the work schedule of other employees.

36. Throughout his employment, Joseph regularly worked five (5) days per week: Mondays through Wednesdays, from 8:00 a.m. to 7:00 p.m., Saturdays from 8:00 a.m. through 6:00 p.m., and Sundays, from 8:00 a.m. to 5:00 p.m., for approximately fifty-two (52) hours per week.

37. Joseph was frequently required to work through all or part of his one-hour lunch break.

38. Although Martin and Joseph each supervised two employees, neither of them had the authority to hire, fire, discipline, set the work schedule, or promote other employees.

39. Martin and Joseph's primary job duties did not require them to exercise independent discretion or judgment with respect to matters of significance.

40. Throughout his employment, Martin reported to Joseph and Richard Henderson ("Henderson") in directing and supervising the aforementioned employees.

41. Throughout his employment, Joseph reported directly to Henderson in directing and supervising the aforementioned employees.

42. As assistant managers, Plaintiffs Martin and Joseph had limited authority and discretion. Henderson, who supervised both Martin and Joseph, had the sole authority to hire, fire, promote, discipline employees and make decisions regarding their pay.

43. Plaintiffs were non-exempt employees, entitled to minimum wage for all hours worked up to forty (40) hours and one and one-half times their regular rate for every hour worked in excess of forty per week.

44. Despite regularly working more than forty (40) hours per week, Plaintiffs were not paid minimum wage or overtime compensation.

45. Davis was compensated at a fixed weekly salary of $220.00 per week.

46. Martin and Joseph were each compensated at a fixed weekly salary of $400.00 per week.

47. Defendants rarely tracked or otherwise recorded the hours Plaintiffs worked.

48. Plaintiffs are aware of other current and former employees of Defendants who were not paid minimum hourly wages and overtime compensation despite working over forty (40) hours per week.

49. Plaintiffs also did not receive a payroll notice at the time of hire containing their rates of pay and the designated payday, or any other information required by NYLL § 195(1).

50. Defendants further failed to furnish Plaintiffs with each wage payment an accurate statement listing their regular hourly and overtime rates of pay and the number of regular and overtime hours worked as required by NYLL § 195(3).

**AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFFS INVIDUALLY, AND ALL OTHER FLSA COLLECTIVE PLAINTIFFS**
*(Minimum Wage Violations under the FLSA)*

51. Plaintiffs, on behalf of themselves and other FLSA Collective Plaintiffs, repeat and reallege all prior allegations set forth above.

52. Pursuant to the applicable provisions of FLSA 29 U.S.C. § 206, Plaintiffs and the FLSA Collective Plaintiffs were entitled to a statutory minimum hourly wage for each hour worked.

53. Throughout the relevant time period, Defendants knowingly failed to pay Plaintiffs and the FLSA Collective Plaintiffs the statutorily required minimum wages.

54. As a result of Defendants' violations of the law and failure to pay Plaintiffs and the FLSA Collective Plaintiffs the required minimum wages, Plaintiff and the FLSA

        Collective Plaintiffs have been damaged and are entitled to recover from Defendants all minimum wages due, along with all reasonable attorneys' fees, interest, and costs.

55. As Defendants did not have a good faith basis to believe that its failure to pay minimum wages was in compliance with the law, Plaintiffs and the FLSA Collective Plaintiffs are entitled to liquidated damages.

56. Judgment should be entered in favor of Plaintiffs and the FLSA Collective Plaintiffs and against Defendants on the First Cause of Action in the amount of their respective unpaid minimum wages, liquidated damages, attorneys' fees and costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFFS, INDIVIDUALLY**
*(Minimum Wage Violations under the NYLL)*

57. Plaintiffs repeat and reallege all prior allegations set forth above.

58. Pursuant to the applicable provisions of NYLL § 650, *et seq.*, and 12 NYCRR § 142-2.1, Plaintiffs were entitled to a statutory minimum hourly wage for each hour worked.

59. Throughout the relevant time period, Defendants knowingly failed to pay Plaintiffs the statutorily required minimum wages.

60. As a result of Defendants' violations of the law and failure to pay the required minimum wages, Plaintiffs have been damaged and are entitled to recover from Defendants all minimum wages due, along with all reasonable attorneys' fees, interest, and costs.

61. As Defendants did not have a good faith basis to believe that its failure to pay minimum wages was in compliance with the law, Plaintiffs are entitled to liquidated damages.

62. Judgment should be entered in favor of Plaintiffs and against Defendants on the Second Cause of Action in the amount of their respective unpaid minimum wages, liquidated

damages, attorneys' fees and costs, interest, and such other legal and equitable relief as this Court deems just and proper.

### AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF PLAINTIFFS, INDIVIDUALLY, AND ALL OTHER FLSA COLLECTIVE PLAINTIFFS
*(Overtime Violations under the FLSA)*

63. Plaintiffs, on behalf of themselves and other FLSA Collective Plaintiffs, repeat and reallege all prior allegations set forth above.

64. Pursuant to the applicable provisions of FLSA, 29 U.S.C. § 207, Plaintiffs and FLSA Collective Plaintiffs were entitled to overtime compensation of one and one-half times their regular hourly rate for all hours worked in excess of forty hours per week.

65. Throughout the relevant time period, Plaintiffs and FLSA Collective Plaintiffs regularly worked in excess of forty hours per week during their employment with Defendants.

66. Throughout the relevant time period, Defendants knowingly failed to pay Plaintiffs and FLSA Collective Plaintiffs overtime wages of one and one-half times their regular rate for each hour worked in excess of forty hours in a workweek.

67. As a result of Defendants' violations of the law and failure to pay Plaintiffs and FLSA Collective Plaintiffs the required overtime wages, Plaintiffs and FLSA Collective Plaintiffs have been damaged and are entitled to recover from Defendants all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

68. As Defendants did not have a good faith basis to believe that its failure to pay overtime wages was in compliance with the law, Plaintiffs and FLSA Collective Plaintiffs are entitled to liquidated damages.

69. Judgment should be entered in favor of Plaintiffs and FLSA Collective Plaintiffs and against Defendants on the Third Cause of Action in the amount of their respective

unpaid overtime wages, liquidated damages, attorneys' fees and costs, interest, and such other legal and equitable relief as this Court deems just and proper.

### AS AND FOR A FOURTH CAUSE OF ACTION ON BEHALF OF PLAINTIFFS, INDIVIDUALLY
*(Overtime Violations under the NYLL)*

70. Plaintiffs repeat and reallege all prior allegations set forth above.

71. Pursuant to the applicable provisions of NYLL § 650, *et seq*., and 12 NYCRR § 142-2.2, Plaintiffs were entitled to overtime compensation of one and one-half times their regular hourly rate for all hours worked in excess of forty (40) hours per week.

72. Plaintiffs regularly worked in excess of forty (40) hours per week during their employment with Defendants.

73. Throughout the relevant time period, Defendants knowingly failed to pay Plaintiffs overtime wages of one and one-half times their regular rate for each hour worked in excess of forty (40) hours in a workweek.

74. As a result of Defendants' violations of the law and failure to pay Plaintiffs the required overtime wages, Plaintiffs have been damaged and are entitled to recover from Defendants all wages due, along with all reasonable attorneys' fees, interest, and costs.

75. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiffs are entitled to liquidated damages.

76. Judgment should be entered in favor of Plaintiffs and against Defendants on the Fourth Cause of Action in the amount of their respective unpaid overtime wages, liquidated damages, attorneys' fees and costs, interest, and such other legal and equitable relief as this Court deems just and proper.

### AS AND FOR A FIFTH CAUSE OF ACTION ON BEHALF OF PLAINTIFFS, INDIVIDUALLY
*(Failure to Provide Payroll Notices Under the NYLL)*

77. Plaintiffs repeat and reallege all prior allegations.

78. Throughout the relevant time period, Defendants failed to furnish to Plaintiffs a notice containing the rate or rates of pay and basis thereof; allowances, if any, claimed as part of the minimum wage; the regular pay day designated by the employer; and anything otherwise required by NYLL § 195(1).

79. As Defendants failed to provide Plaintiffs with payroll notices as required by NYLL § 195(1), they are entitled to liquidated damages in the amount of $50.00 per day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs.

### AS AND FOR A SIXTH CAUSE OF ACTION ON BEHALF OF PLAINTIFFS, INDIVIDUALLY
*(Failure to Provide Wage Statements Under the NYLL)*

80. Plaintiffs repeat and reallege all prior allegations.

81. Throughout the relevant time period, Defendants failed to furnish to Plaintiffs, with each wage payment, an accurate statement listing: rate or rates of pay and basis thereof; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of NYLL § 195(3).

82. As Defendants failed to provide Plaintiffs with accurate wage statements as required by NYLL § 195(3), they are entitled to liquidated damages in the amount of $250.00 per

day for every day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs.

**WHEREFORE** Plaintiffs pray for relief as follows:

a) on the First Cause of Action on behalf of Plaintiffs and the FLSA Collective Plaintiffs, for all minimum wages due to Plaintiffs and the FLSA Collective Plaintiffs, an additional award of one hundred percent of all wages due, all reasonable attorneys' fees, costs and interest, in an amount to be determined by this Court;

b) on the Second Cause of Action on behalf of Plaintiffs for all minimum wages due to Plaintiffs, an additional award of one hundred percent of all wages due, all reasonable attorneys' fees, costs and interest, in an amount to be determined by this Court;

c) on the Third Cause of Action, on behalf of Plaintiffs and the FLSA Collective Plaintiffs, for all overtime wages due to Plaintiffs and the FLSA Collective Plaintiffs, an additional award of one hundred percent of all wages due, all reasonable attorneys' fees, costs and interest, in an amount to be determined by this Court;

d) on the Fourth Cause of Action on behalf of Plaintiffs for all overtime wages due to Plaintiffs, an additional award of one hundred percent of all wages due to Plaintiffs, all reasonable attorneys' fees, costs and interest, in an amount to be determined by this Court;

e) on the Fifth Cause of Action for liquidated damages in the amount of $50.00 per day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs;

f) on the Sixth Cause of Action for liquidated damages in the amount of $250.00 per day for every day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs; and around

g) Interest;

h) Costs and disbursements; and

i) Such other and further relief as is just and proper.

Dated: New York, New York
       January 3, 2018

                                        */Jason Clouser/*
                                        Jason Clouser
Attorney for Plaintiffs
Katz Melinger PLLC
280 Madison Avenue, Suite 600
New York, New York 10016
Telephone: 212.460.0047
Facsimile: 212.428.6811
jfclouser@katzmelinger.com